# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FRANKENMUTH INSURANCE COMPANY, an insurance company, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL ACTION NO.:<br>) 2:24-CV-00613-LSC |
| CECIL WAYNE SANFORD, STONE POINTE BUILDERS, LLC; | )<br>)<br>) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

EXHIBIT D– MANGHAM AND BECK COMPLAINT

CIRCUIT COURT OF
JEFFERSON COUNTY, ALABA
JACQUELINE ANDERSON SMITH

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

| | |
|---|---|
| STANFORD MANGHAM; and<br>PAMELA BECK;<br><br>    Plaintiffs,<br><br>v.<br><br>STONE POINTE BUILDERS, LLC; and<br>WAYNE SANFORD, Individually;<br><br>    Defendants. | CIVIL ACTION NUMBER:<br>CV-2023-<br><br><br>JURY TRIAL DEMANDED<br><br><br>*Discovery Served with Complaint* |

## COMPLAINT

### I. PARTIES

1. Plaintiff Stanford Mangham is a resident citizen of Shelby County, Alabama aged nineteen (19) years or older.

2. Plaintiff Pamela Beck is a resident citizen of Shelby County, Alabama aged nineteen (19) years or older.

3. Defendant Stone Pointe Builders, LLC (hereinafter "Stone Pointe") is a Limited Liability Company licensed to do and doing business in Jefferson County, Alabama at all times material hereto.

4. Defendant Wayne Sanford is a resident citizen of Shelby County, Alabama aged nineteen (19) years or older.

### II. JURISDICTION

5. This Court has jurisdiction over this action as the minimum amount in controversy is present. Venue is proper in this Court pursuant to Ala. Code Section 6-3-2 (6) and/or (7) (1975) and Alabama Rule of Civil Procedure Section 82(c).

## III. STATEMENT OF FACTS

6.   In January of 2021, Plaintiffs entered into a Contract with Defendant Stone Pointe to perform construction of home situated in Jefferson County, located at 920 Ivawood Road Irondale Alabama

7.   After the work began, Defendants immediately fell behind schedule. Plaintiffs also noticed problems with the quality of the work and the materials that were being used. Plaintiffs notified Defendants of these problems; however, many were never remedied. Defendants reportedly corrected some of the issues with its work, but failed or refused to correct all of the issues despite being asked to do so on numerous occasions by Plaintiffs.

8.   Despite substantial payment, Defendants have now abandoned the job which is only partially completed. Additionally, Defendant Sanford failed to pay many of the subcontractors who have now filed liens against Plaintiffs. It is estimated that it will cost over $220,000 to repair Defendants' faulty work and finish performing the original scope of work.

9.   As a proximate result of Defendants' actions, Plaintiffs have suffered the following damages:

   a.   The difference between the market value of the home had the work been performed correctly and the present market value of the home as it exists in its damaged/incomplete condition;

   b.   Consequential damages for the cost of repairs to the home;

   c.   Loss of use;

   d.   Costs associated with liens;

   e.   Increased financing costs; and

   f.   Mental anguish and emotional distress.

2

## IV. CAUSES OF ACTION

## COUNT ONE – NEGLIGENCE/WANTONNESS: CONSTRUCTION

10. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

11. Defendants had a duty to perform the work on Plaintiffs' home in accordance with all applicable building codes and standards of the construction industry so as to minimize the damages associated with the known inherent risks of residential construction.

12. Defendants breached their duty.

13. Defendants' breach of their duty was both reckless and wanton.

14. As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages as set forth in the above Statement of Facts.

15. Defendants had a duty to utilize and properly install adequate materials for all components of Plaintiffs' home.

16. Defendants breached their duty to utilize and properly install adequate materials for all components of Plaintiffs' home.

17. Defendants' breach of their duty to utilize and properly install adequate materials for all components of Plaintiffs' home was both reckless and wanton.

18. As a direct and proximate result of Defendants' failure to utilize and properly install adequate materials for all components of Plaintiffs' home, Plaintiffs have suffered damages as set forth in the above Statement of Facts.

19. New and distinct damages caused by Defendants' negligence continue to occur and new damage will continue to occur for the foreseeable future.

## COUNT TWO - NEGLIGENCE: REPAIR

20. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

21. Defendants had a duty to repair all deficiencies with Plaintiffs' home to conform to good and workmanlike building practices and all applicable building codes.

22. Defendants breached their duty to repair all deficiencies with Plaintiffs' home to conform to good and workmanlike building practices and all applicable building codes.

23. Defendants' breach of their duty to repair all deficiencies with Plaintiffs' home to conform to good and workmanlike building practices and all applicable building codes was both reckless and wanton.

24. As a direct and proximate result of Defendants' breach of their duty to repair all deficiencies with Plaintiffs' home to conform to good and workmanlike building practices and all applicable building codes, Plaintiffs have suffered damages as set forth in the above Statement of Facts.

25. New and distinct damages caused by Defendants' negligence continue to occur and new damage will continue to occur for the foreseeable future.

## COUNT THREE - NEGLIGENCE: HIRING/SUPERVISION/TRAINING

26. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

27. Defendants had a duty to properly supervise all aspects of the construction for Plaintiffs' home.

4

28. Defendants breached their duty to properly supervise, inspect, hire, train, instruct, or educate their employees and/or subcontractors in the proper construction and renovation of Plaintiffs' home.

29. Defendants' breach of their duty to properly supervise, inspect, hire, train, instruct, or educate their employees and/or subcontractors in the proper construction and renovation of Plaintiffs' home was both reckless and wanton.

30. As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages as set forth in the above Statement of Facts.

31. New and distinct damages caused by Defendants' negligence continue to occur to this date and new damage will continue to occur for the foreseeable future.

## COUNT FOUR - SUPPRESSION

32. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

33. Defendants willfully, wantonly, fraudulently or recklessly suppressed material facts from Plaintiffs including, but not limited to, that that the work was not being performed in compliance with the applicable building code and in a good and workmanlike manner in accordance with applicable residential construction industry standards.

34. Defendants suppressed and concealed this information from Plaintiffs.

35. Defendants had a duty to disclose to Plaintiffs the material facts set forth above under the circumstances.

36. Defendants had superior knowledge of the facts and had a means of knowledge and expertise not shared by Plaintiffs and, therefore, Defendants had a duty to disclose to Plaintiffs the material facts set forth above.

37. Defendants suppressed and concealed material facts from Plaintiffs in order to induce Plaintiffs to contract with Defendants. Without knowledge of the foregoing material facts, Plaintiffs acted to their injury by hiring Defendants.

38. As a proximate result of the above-described suppression, Plaintiffs have suffered direct and consequential damages as set forth in the above Statement of Facts.

39. The actions of Defendants constitute suppression of material facts pursuant to Ala. Code 6-5-102 (1975).

## COUNT FIVE - BREACH OF WARRANTIES

40. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

41. By contract and operation of law, Defendants impliedly and expressly warranted their work on Plaintiffs' home.

42. Defendants breached the warranties to Plaintiffs by failing to construct Plaintiffs' home in a good and workmanlike manner with good and substantial materials, in accordance with the plans and specifications, applicable building code and applicable industry standards.

43. As a direct and proximate result of Defendants' breach, Plaintiffs have suffered damages as set forth in the above Statement of Facts.

## COUNT SIX - BREACH OF CONTRACT

44. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

45. Plaintiffs and Defendants agreed to perform certain obligations under the terms of a contract into which they entered.

46. Plaintiffs agreed to pay Defendants a set sum for the for the construction of their home located at 920 Ivawood Road.

47. Defendants agreed to perform their works on Plaintiffs' home in a good and workmanlike manner in accordance with all residential construction industry standards, applicable building codes, and the plans.

48. Plaintiffs have fulfilled their obligations to Defendants under the agreement.

49. Defendants breached the agreement between itself and Plaintiffs by failing to perform its work on the structures in a good and workmanlike manner in accordance with all residential construction industry standards, applicable building codes and the plans.

50. As a direct and proximate result of the breach of contract by Defendants, Plaintiffs has suffered damages as set forth in the above Statement of Facts.

## COUNT SEVEN - FRAUDULENT MISREPRESENTATION AND/OR INNOCENT MISREPRESENTATION

51. Plaintiffs reallege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

52. Defendants made material representations to Plaintiffs that included statements to Plaintiffs that the work would be performed in a good and workmanlike manner in accordance with all residential construction industry standards and applicable building codes.

53. The above described representations were false.

54. Defendants knew Plaintiffs would act in reliance upon the above described representations and hire Defendants.

55. Defendants' misrepresentations were made either willfully to deceive, recklessly without knowledge, or by mistake and innocently.

56. Plaintiffs acted in reliance on Defendants' misrepresentations by hiring Defendants, which they would not have done had they known the truth.

57. Plaintiffs' reliance was reasonable and justified based on the knowledge available to Plaintiffs and the circumstances at the time.

58. As a proximate result of the above described misrepresentations made by Defendants, Plaintiffs have suffered direct and consequential damages as set forth in the above Statement of Facts.

## COUNT EIGHT – CONVERSION

59. Plaintiffs re-allege, as if fully set forth, each and every allegation contained in the preceding paragraphs, and further allege that:

60. Defendants' acts and omissions, as alleged above, were intended to and, in fact, did appropriate to itself, without justification, the monies paid to it by Plaintiffs.

61. Defendants' acts and omissions were committed with wanton dishonesty and constitute conversion of Plaintiffs' money.

62. As a direct and proximate result of Defendants' conduct, the Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgment against Defendants, joint and several where appropriate, in an amount to be determined by the trier of fact, and for further exemplary damages to the extent permitted by law. Plaintiff also demand the costs of this action, attorneys= fees, expenses, and interest on the judgment as allowed by law.

Dated: January 11, 2022

                                s/ H. Arthur Edge, III
                                H. Arthur Edge, III
                                (EDG004) Attorney for
                                Plaintiffs

**OF COUNSEL:**
EDGE LAWYERS
2320 Highland Ave. S., Suite 175
Birmingham, Alabama
35205 (205) 453-0323
(205) 453-0326 (fax)
E-mail:art@edgelawyers.com

**SERVE VIA CERTIFIED MAIL:**
**STONE POINTE BUILDERS, LLC**
**100 OXMOOR ROAD SUITE 110**
**BIRMINGHAM, AL 35209**

**WAYNE SANFORD**
**100 OXMOOR ROAD SUITE 110**
**BIRMINGHAM, AL 35209**