FILED
2024 Aug-30 PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH** | ) | |
| **INSURANCE COMPANY,** | ) | |
| an insurance company, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:24-CV-00613-LSC** |
| **CECIL WAYNE SANFORD,** | ) | |
| **STONE POINTE BUILDERS, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

EXHIBIT F– HULWI-POPE COMPLAINT

01-CV-2024-901150.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABA
JACQUELINE ANDERSON SMITH

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| PHILLIP TODD POPE,<br>an individual; | ) |
| | ) |
| HEIDI HULWI,<br>an individual; | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| vs. | )   Case Number: _____ |
| | ) |
| STONE POINTE BUILDERS, LLC,<br>a corporation; | ) |
| | ) |
| CECIL WAYNE SANFORD,<br>an individual; | ) |
| | ) |
| Fictitious Defendants A - E, whether singular or<br>plural, persons, firms, corporations, partnerships and<br>other entities who directly or indirectly contributed<br>to the construction runoff and resulting deposits of<br>silt, rock, dirt and other debris onto properties of the<br>Plaintiffs, whose identities are unknown to the<br>Plaintiffs at this time, but will substitute by<br>amendment the correct names of the fictitious<br>Defendants when their identities are ascertained, | ) |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

### PARTIES

1.      Plaintiff, Phillip Todd Pope ("Pope"), is a resident of Jefferson County, Alabama and is over the age of nineteen years.


2.      Plaintiff, Heidi Hulwi ("Hulwi"), is a resident of Jefferson County, Alabama and is over the age of nineteen years.

3. Defendant, Stone Pointe Builders, LLC "Stone Pointe"), is a Limited Liability Company believed to be organized and existing under the laws of the State of Alabama.

4. Defendant, Wayne Sanford ("Sanford") is a resident of Alabama and is over the age of nineteen years.

5. Fictitious Defendants A, B, C, D and E are those persons, firms, corporations, partnerships and other entities who contributed to directly or indirectly the construction runoff and resulting deposits of silt, rock, dirt and other debris onto properties of the Plaintiffs whose identities are unknown to the Plaintiffs at this time but will be later added by amendment when their identities are ascertained.

### JURISDICTION & VENUE

6. The Court has jurisdiction over this action because Plaintiffs are residents of the State of Alabama, Defendant Stone Pointe Builders, LLC is an Alabama corporation with its principal place of business in Alabama, and Defendant Wayne Sanford is a resident of Alabama.

7. Venue in this case is proper because the acts and omissions made the basis of this action occurred in Jefferson County, Alabama, and the property giving rise to this cause of action is located in Jefferson County, Alabama.

### FACTUAL ALLEGATIONS

8. The Hulwi property that is the subject of this action is downstream of the development known as Highland Crest adjacent to Roper Road and includes the first lake in a series of lakes upstream of the inflow of Queenstown lake in Jefferson County, Alabama. The Hulwi property drains to the tributary of the Cahaba River known as Stinking Creek.

9.     The Pope property that is the subject of this action is downstream of the development known as Highland Crest adjacent to Roper Road and includes the second lake in a series of lakes upstream of the inflow of Queenstown Lake in Jefferson County, Alabama. The Pope property drains to the tributary of the Cahaba River known as Stinking Creek.

10.     At the points of both Plaintiffs' ownership, the tributary to Stinking Creek is a non-navigable stream, and each of the Plaintiffs have certain rights in and to the water flowing in the tributary, and Plaintiffs further allege that they own a portion of the bed of that tributary.

11.     Sanford is an owner of Defendant Stone Pointe Builders LLC.

12.     Stone Pointe is the owner of certain property located within the Highland Crest Development by virtue of gift, purchase, condemnation, or otherwise.

13.     As a part of the development of Highland Crest, Defendants and Fictitious Defendants are constructing or have constructed thereon various residential dwellings.

14.     These facilities are located in an area to the north of the properties owned by both Plaintiffs and are in the same watershed as the Plaintiffs' private lakes.

15.     All or substantially all of the surface or storm drainage from the aforesaid facilities as well as from other parts of the Highland Crest Development flow into the private lakes at a point adjacent to or upstream from the properties owned by both Plaintiffs.

16.     Defendants and Fictitious Defendants have failed or refused after various requests to implement any meaningful erosion control devices or plans, and as a result, the surface drainage from the construction being done by Defendants and Fictitious Defendants has carried extraordinary amounts of silt, rock, dirt, and other debris onto the properties of the Plaintiffs.

17.    The Defendants and Fictitious Defendants failure to act or refusal to act continues, and the Plaintiffs' properties are subject to continuous damage because of the acts or omissions referred to herein.

18.    The acts and omissions of Defendants and Fictitious Defendants have seriously and permanently compromised, impaired, and damaged the quality of the water in these private lakes, and the beds of these lakes, in which the Plaintiffs have a property interest.

19.    The acts and omissions of the Defendants and Fictitious Defendants have caused silt, rock and other debris to be deposited on the lands of the Plaintiffs causing permanent and potentially irreparable damage thereto.

### COUNT ONE - NUISANCE

20.    Plaintiffs re-aver the allegations of paragraphs above as if fully set forth herein.

21.    The acts and omissions of the Defendants and Fictitious Defendants, as alleged, herein constitute a nuisance in that the use and enjoyment of the Plaintiffs' properties by the Plaintiffs has been seriously and irreparably damaged because of the deposit of mud, silt, rock and other debris thereon.

22.    The nuisance complained of herein is of a continuous nature and continues up to the date of the filing of this complaint.

23.    Unless the acts and omissions of the Defendants and Fictitious Defendants are restrained or enjoined, Plaintiffs and their property will suffer immediate and irreparable injury.

4

24.     Plaintiffs' own lands are adjacent to these private lakes and use these lakes, their waters and beds for recreational and other purposes which contributes substantially to their quality of life and the use and enjoyment of their property.

25.     The damage done by Defendants and Fictitious Defendants and referred to herein has caused them great concern, distress, anguish and anxiety for which they are entitled to compensation.

WHEREFORE, Plaintiffs demand a preliminary and permanent injunction against Defendants and Fictitious Defendants, restraining and enjoining them from any further actions resulting in a discharge of mud, silt, rocks, dirt and other debris into their private lakes, and that this court will order and direct Defendants and Fictitious Defendants to take such measures as can be taken so as to remedy the nuisance created and maintained by them; compensatory damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants, as determined by the trier of fact, plus costs; and punitive damages and attorneys' fees where allowed under applicable law.

## COUNT TWO - TRESSPASS

26.     Plaintiffs re-aver the allegations of paragraphs above as if fully set forth herein.

27.     The acts and omissions of Defendants and Fictitious Defendants have caused mud, silt, rock and other debris to be deposited on the properties owned by Plaintiffs.

28.     The invasions of the Plaintiffs' properties have substantially interfered with and harmed the use and enjoyment of the Plaintiffs' properties and the Plaintiffs' possessory rights therein.

5

WHEREFORE, Plaintiffs demand a preliminary and permanent injunction against Defendants and Fictitious Defendants restraining and enjoining them from any further actions resulting in a discharge of mud, silt, dirt and other debris into their private lakes, and that this court will order and direct Defendants and Fictitious Defendants to take such measures as can be taken so as to remedy the trespasses created and maintained by them; compensatory damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants, as determined by the trier of fact, plus costs; and punitive damages and attorneys' fees where allowed under applicable law.

### COUNT THREE - NEGLIGENCE

29. Plaintiffs re-aver the allegations of paragraphs above as if fully set forth herein.

30. Defendants and Fictitious Defendants owe Plaintiffs a duty not to injure or damage their property in the course of the construction and erection of the facilities referred to herein.

31. Defendants and Fictitious Defendants have breached the duty owed to Plaintiffs in that the acts and omissions of Defendants and Fictitious Defendants have caused and allowed, and are continuing to cause and allow, silt, rock, mud and other debris to be deposited on the properties of the Plaintiffs.

32. The Plaintiffs and their properties have been damaged as a proximate result of the breach of duties owed by the Defendants and Fictitious Defendants.

WHEREFORE, Plaintiffs demand compensatory damages in an amount that will fairly and reasonably compensate them for the harm caused by the Defendants, as determined by the trier of fact, plus costs. Plaintiffs also claim punitive damages and attorneys' fees where allowed under applicable law.

## JURY DEMAND

The Plaintiffs hereby demand trial by struck jury on all issued raised herein.

Respectfully submitted,

*/s/ David P. Butler*
David P. Butler (1429P80V)
david@snablestevenson.com
Attorney for Plaintiff

FOR THE FIRM:
SNABLE STEVENSON & SILVA L.L.C.
2737 Highland Avenue South
Birmingham, Alabama 35205
Telephone: (205) 582-8000

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Stone Pointe Builders, LLC
C/O:  USCA INC
100 OXMOOR ROAD SUITE 110
BIRMINGHAM, AL 35209

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRANKENMUTH** | ) | |
| **INSURANCE  COMPANY,** | ) | |
| **an insurance company,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **CECIL WAYNE SANFORD,** | ) | |
| **STONE POINTE BUILDERS, LLC;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**"Exhibit G"**
**Wheeler's Cross Claim**

2/2/2022 5:00 PM
01-CV-2022-902432.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABA
JACQUELINE ANDERSON  SMITH.

## IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| MATTHEW JACKSON ET AL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **CASE NO:** |
| vs. | ) | **CV-2022-902432.00** |
| | ) | |
| STONE POINTE BUILDERS, LLC ET AL, | ) | **JURY DEMAND** |
| | ) | |
| Defendants. | ) | |

## KRISTEN WHEELER'S ANSWERS TO PLAINTIFF'S COMPLAINT AND CROSS CLAIM

**COME NOW** the Defendant, **KRISTEN WHEELER**, by and through counsel, come and for an answer to Plaintiff's Complaint would state as follows:

### PARTIES

1.   Defendant does not have sufficient knowledge to admit or deny.

2.   Defendant does not have sufficient knowledge to admit or deny.

3.   Defendant does not have sufficient knowledge to admit or deny.

4.   Defendant does not have sufficient knowledge to admit or deny.

5.   Defendant admits in part and denies she was an accounts manager for Stone Pointe and Mr. Sanford's personal assistant.

6.   Defendant does not have sufficient knowledge to admit or deny.

7.   Defendant does not have sufficient knowledge to admit or deny.

8.   Defendant does not have sufficient knowledge to admit or deny.

9.   Defendant does not have sufficient knowledge to admit or deny.

10.   Defendant does not have sufficient knowledge to admit or deny.

11.   Defendant does not have sufficient knowledge to admit or deny.

12.   Defendant does not have sufficient knowledge to admit or deny.

13.   Defendant does not have sufficient knowledge to admit or deny.

14.   Defendant does not have sufficient knowledge to admit or deny.

15.   Defendant does not have sufficient knowledge to admit or deny.

16.     Defendant does not have sufficient knowledge to admit or deny.

## JURISDICTION AND VENUE

17.     Admit;

## STATEMENT OF FACTS

18.     Admit;

19.     Defendant does not have sufficient knowledge to admit or deny.

20.     Admit;

21.     Defendant admit she work with Stone Pointe and Sanford and work for Premier Vestavia, LLC., as a real estate agent;

22.     Admit;

23.     Defendant does not have sufficient knowledge to admit or deny;

24.     Defendant does not have sufficient knowledge to admit or deny;

25.     Defendant does not have sufficient knowledge to admit or deny;

26.     Defendant does not have sufficient knowledge to admit or deny;

27.     Defendant does not have sufficient knowledge to admit or deny;

28.     Defendant does not have sufficient knowledge to admit or deny;

29.     Defendant admits meeting with the Plaintiffs several times and denies this defendant made promises as alleged in the complaint;

30.     Defendant admits she was involved in the contract negotiations as a realtor and denies Plaintiff's other allegations;

31.     Defendant admits she negotiate the contract as a realtor;

32.     Defendant does not have sufficient knowledge to admit or deny;

33.     Defendant does not have sufficient knowledge to admit or deny;

34.     Defendant deny this allegation;

35.     Defendant deny this allegation;

36.     Defendant does not have sufficient knowledge to admit or deny;

37.     Defendant does not have sufficient knowledge to admit or deny;

38.     Defendant does not have sufficient knowledge to admit or deny;

39.     Defendant does not have sufficient knowledge to admit or deny;

40. Defendant admit she spoke with Plaintiffs and Co-Defendant Sanford in an effort to get the project finished;

41. Defendant admits she did meet with the parties in May of 2021 in an effort to move the project forward;

42. Defendant does not have sufficient knowledge to admit or deny;

43. Defendant does not have sufficient knowledge to admit or deny;

44. Defendant does not have sufficient knowledge to admit or deny;

45. Defendant does not have sufficient knowledge to admit or deny;

46. Defendant does not have sufficient knowledge to admit or deny;

47. Defendant admits meeting with Plaintiffs and Co-Defendant in an effort to move the project forward;

48. Defendant does not have sufficient knowledge to admit or deny;

50. Defendant does not have sufficient knowledge to admit or deny;

51. Defendant does not have sufficient knowledge to admit or deny;

52. Defendant does not have sufficient knowledge to admit or deny;

53. Defendant does not have sufficient knowledge to admit or deny Plaintiff's payments. Defendant denies alleged amount was paid to this Defendant;

54. Defendant does not have sufficient knowledge to admit or deny;

55. Defendant does not have sufficient knowledge to admit or deny;

56. Defendant does not have sufficient knowledge to admit or deny these allegations; however, defendant was contacted.

57. Defendant does not have sufficient knowledge to admit or deny;

58. Defendant does not have sufficient knowledge to admit or deny;

59. Defendant deny this allegation

60. Defendant deny this allegation and demand strict proof thereof.

61. Defendant deny this allegation and demand strict proof thereof.

62. Defendant does not have sufficient knowledge to admit or deny.

63. Defendant does not have sufficient knowledge to admit or deny.

64.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

65.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

66.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

Defendant Mrs. Wheeler is not listed in this claim in the complaint and has no response to paragraphs 67 through 72.

### COUNT TWO
### MONEY HAD AND RECEIVED

Defendant Mrs. Wheeler is not listed in this claim in the complaint and has no response to paragraphs 73 through 76.

### COUNT THREE
### UNJUST ENRICHMENT

77.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

78.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

### COUNT FOUR
### CONVERSATION

79.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

80.     Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## COUNT FIVE
## BREACH OF WARRANTY

Defendant Mrs. Wheeler is not named in this claim in the complaint and has no response to paragraphs 81 through 85.

## COUNT SIX
## DECEIT

86.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

87.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

88.    Defendant does not have sufficient knowledge to admit or deny.

89.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

90.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

91.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

92.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## COUNT SEVEN
## PROMISSORY FRAUD

93.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

94.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

95.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

96.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

97.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

98.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

99.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

100.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

101.    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

102.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

103.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## COUNT EIGHT
## NEGLIGENCE

104.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

105.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

106.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

107.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## COUNT NINE
## NEGLIGENT MISREPRESENTATION

108.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

109.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

110.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

111.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

112.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

113.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

114.  Defendant deny this allegation as to this Defendant and demand strict proof thereof

## COUNT TEN
## BREACH OF FIDUCIARY DUTY

115.  Defendant does not have sufficient knowledge to admit or deny.

116.  Defendant does not have sufficient knowledge to admit or deny.

117.  Defendant deny this allegation as to this Defendant and demand strict proof thereof.

118.  Defendant does not have sufficient knowledge to admit or deny.

119.   Defendant does not have sufficient knowledge to admit or deny.

120.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

121.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

122.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

123.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## COUNT ELEVEN
## SUPPRESSION

124.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

125.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

126.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

127.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

128.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

129.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

130    Defendant deny this allegation as to this Defendant and demand strict proof thereof.

131.   Defendant deny this allegation as to this Defendant and demand strict proof thereof.

## AFFIRMATIVE AND OTHER DEFENSES
## FIRST DEFENSE

The Complaint, and each purposed cause of action contained therein, is barred and fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Kristen Wheeler aver that the injuries and damages complained of were proximately caused by an independent and/or intervening cause and were not proximately caused by any alleged negligence of this Defendant.

### THIRD DEFENSE

This Defendant is not responsible for injuries to Plaintiff which was caused by the alleged criminal act of a third party.

### FORTH DEFENSE

Kristen Wheeler pleads that each of the purported causes of action is barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

Kristen Wheeler denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

### SIXTH DEFENSE

Kristen Wheeler denies that is it guilty of negligence, gross or otherwise, on the occasion complained of and denies that any negligence on their part proximately caused the alleged injuries to the Plaintiff.

### SEVENTH DEFENSE

Kristen Wheeler denies that it is guilty of any willful or wanton conduct on the occasion complained of and denies that any wanton conduct on its part proximately caused or contributed to the Plaintiff's alleged injuries.  This Defendant further denies that it misrepresented anything to Plaintiff, assaulted and/or battered Plaintiff or is guilty of any outrageous conduct towards Plaintiff.

### EIGHTH DEFENSE

Kristen Wheeler pleads contributory negligence, estoppels, laches, waiver, illegality, assumption of the risk, release, payment, set-off and accord and satisfaction.

## NINTH DEFENSE

The Complaint, and each purported cause of action contained therein, is barred and fails to state a claim upon which relief can be granted against this Defendant because the injuries and damages allegedly sustained by the Plaintiff were not the result of any acts, omissions or other conduct of Kristen Wheeler, or its agents, representatives and/or employees, but instead allegedly arose as a result of acts and omissions of others over whom Defendant had no control.

## TENTH DEFENSE

Defendant asserts ALA. CODE §12-21-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.C..., 782 So. 2d 233 (Ala. 2000), Plaintiff claims damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

## ELEVENTH DEFENSE

Defendant asserts that it is entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to Williams v. Coiguitt, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

## TWELFTH DEFENSE

Kristen Wheeler pleads that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to entitle the Plaintiff to an award of general damages, special damages, exemplary or punitive damages, interest on damages or costs.

## THIRTEETH DEFENSE

Kristen Wheeler pleads that the prayers for judgment and damages regarding the purported causes of action contained in the Complaint are barred because the damages

purportedly sustained by the Plaintiff were not the result of acts, representations or omissions of this Defendant, or any of its agents, representatives and/or employees.

### FOURTEENTH DEFENSE

Kristen Wheeler denies that it is guilty of any conduct which warrants the issue of punitive damages being submitted to a jury.

### FIFTEENTH DEFENSE

Kristen Wheeler pleads that the Complaints fail to state a claim upon which punitive damages may be awarded to Plaintiff and that any award of punitive damages to the Plaintiff in this case would be in violation of the Constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### SIXTEENTH DEFENSE

Kristen Wheeler pleads that no punitive damages are warranted or allowable that would exceed comparable maximums established for criminal fines.

### SEVENTEENTH DEFENSE

Kristen Wheeler pleads that punitive damages cannot be awarded to the Plaintiff because of the lack of clarity in Alabama's standards for awarding punitive damages.

### EIGHTEENTH DEFENSE

Kristen Wheeler pleads that any award of punitive damages to the Plaintiff in this case will be volatile of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

### NINTEENTH DEFENSE

Kristen Wheeler pleads that any claim for punitive damages is improper pursuant to Ala. Code § 6-11-20 et. *seq.*

### TWENTITH DEFENSE

Kristen Wheeler pleads that any claim for the recovery of punitive damages is barred by Ala. Code § 6-11-27.

### TWENTY-FIRST DEFENSE

Kristen Wheeler pleads that any award of punitive damages to the Plaintiff in this case will be violative of this constitutional safeguard provided to Defendants under the Constitution, of the United States of America.

### TWENTY-SECOND DEFENSE

Kristen Wheeler pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America in that that determination of punitive damages under Alabama law is vague; is not based upon any objective standard, is, in fact, standardless; and is not rationally related to legitimate government interests.

### TWENTY-THIRD DEFENSE

Kristen Wheeler, pleads that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguard provided to Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiff.

Kristen Wheeler pleads that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitutions of the United States in that punitive damages are penal in nature and consequently, Defendant are entitled to the same procedural safeguards accorded to criminal defendants.

### TWENTY-FOURTH DEFENSE

Kristen Wheeler, pleads that it is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less that the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to Defendant's rights under the Commerce Clause of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause or the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a) It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

(c) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interests;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the among of the award of punitive damages;

(e) The award of the punitive damages in this case constitutes a deprivation of property without due process of law; and

(f) It is a violation of the Due Process Clause to impose punitive damages against they Defendant, which are penal in nature, yet compel to defendant to disclose potentially incriminating documents and evidence.

## TWENTY-SEVENTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY- EIGHTH DEFENSE

The alleged damages about which Plaintiff's complaint arose as a result of acts or missions of others over whom this defendant had no control or knowledge. If this Defendant

was negligent in the manner described by Plaintiff, which is denied, the acts or omissions of

others were the superseding and proximate cause of any damages suffered by Plaintiff.

The Plaintiff's claims for recovery of some or all of the relief prayed for in the Complaint

are in contravention of Defendant's rights under each of the following constitutional provisions:

(a) The contracts clause of Article 1, Section 10, of the United States Constitution;
(b) The excessive fines clause of the Eighth Amendment to the United States Constitution;
(c) The due process clause of the Fourteenth Amendment to the United States Constitution;
(d) The contracts clause of Article 1, Section 2, of the Constitution of Alabama; and
(e) The excessive fines clause of Article 1, Section 6, of the Constitution of Alabama; and
(f) The due process clause of Article 1, Section 6, of the Constitution of Alabama.

## TWENTY-NINETH DEFENSE

With respect to Plaintiff's demand for punitive damages, this Defendant specifically

incorporates by reference any and all standard or limitations regarding the determination and/or

enforceability of punitive damage awards which arose in the decision of BMW of No. America

v. Gore. 116 U.S. 1589 (1996), as well as recent decisions by the Alabama Supreme Court.

## THIRTY DEFENSE

While Kristen Wheeler denies that Plaintiff is entitled to any relief against it for personal

injury, it asserts any award of punitive damages in this case must be done by the Court and is not

a jury determination.  Cooper Industries. Inc. v. Leatherman Tool Group Inc., 532 U.S. 424, 121

S. Ct. 1678, 1686 (2001).  In Cooper v. Leatherman, the United States Supreme Court declared

that the award of punitive damages is a legal conclusion and is "is not a fact tried by the jury."

**COMES NOW the Defendant Kristen Wheeler in the original filing in this case having answered Plaintiffs' complaint and file a Cross-Claim against Co-Defendants Stone Pointe Builders, LLC., and Cecil Wayne Sanford.**

## CROSS COMPLAINT/CLAIM
### PARTIES

1. Defendant/Cross Plaintiff Kristen Wheeler, hereinafter "Mrs. Wheeler" or "Complainant" is a resident of Jefferson County, Alabama and licensed realtor in Alabama.

2. Co-Defendant and Cross-Defendant in this case Cecil Wayne Sanford, hereinafter "Mr. Sanford" or "Cross-Defendant" is over the age of nineteen and a resident of Jefferson County who conducted business in Jefferson County and on this occasion.

3. Stone Pointe Builders, LLC., hereinafter "Stone Pointe" or "Cross-Defendant" is or was an Alabama Limited liability company licensed to do and doing business in Jefferson County Alabama on this occasion.

4. Fictitious party Defendants A, B, C whether singular is plural, is that certain person, firm, partnership, corporation or other entity that was involved or responsible for the action of the named Co-Defendants.

5. Fictitious party Defendants, D, E, F whether singular or plural is that certain person, firm, partnership, corporation, or other entity that bonded, guaranteed, assured or otherwise insured the actions of the named Defendants.

6. Fictitious party Defendants, G, H, I whether singular or plural, is that certain persons, firm, partnership, corporation, or other entity that paid to or conspired with the Defendant or breached a fiduciary duty owed to either party in this case.

7. Fictitious party Defendants, J, K, L whether singular or plural, is that certain persons,

firm, partnership, corporation, or other entity that conspired with or acted in concert with the named Co-Defendant named in this case.

## JURISDICTION AND VENUE

This matter is currently filed in the proper court for the parties involved.

## STATEMENT OF FACTS

8.  Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through seven (7) of this Complaint as though specifically set forth herein.

9.  Cross-Defendant Cecil Wayne Sanford is the individual who operated and owned Stone Pointe.

10.  Mr. Wheeler while working as a realtor in the Jefferson County was introduced to Sanford.

11.  Mrs. Wheeler agreed to work with Sanford as a realtor for clients she had and obtained, and clients Sanford had and obtained.

12.  As a realtor, Mrs. Wheeler handled certain issues and items needed and necessary to move the projects she was involved towards completion.

13.  Mrs. Wheeler and her husband also contracted with Stone Pointe to build their home that was never built.

14.  Mrs. Wheeler and Mr. Wheeler lost their property when Stone Pointe fail to complete their home and disappeared.

15.  Mrs. Wheeler worked with Stone Pointe and Sanford on several projects to include the Jackson's home to be constructed at 2308 Garland Drive, Vestavia Hills, Alabama 35216.

16.  Mrs. Wheeler was not involved in the initial negotiations; however, she was introduced

to the Jackson's by Sanford.

## CLAIMS

17. Plaintiffs incorporate by reference the allegations contained in paragraphs one (1) through sixteen (16) of this Complaint as though specifically set forth herein.

18. Cross-Claimant Mrs. Wheeler claims against the Cross-Defendant for any and all damages she may be liable for in the original case CV-2022-902432.00.

**WHEREFORE PREMISES CONSIDERED** Cross-Claimant Kristen Wheeler demand judgment against the Co-Defendant Stone Pointe Builders, LLC., and Cecil Wayne Sanford for compensatory damages, consequential damages, punitive damages, special damages attorneys' fees and cost, interest, and cost of these proceedings, and all such other damages to which Cross-Claimant, Kristen Wheeler is entitled to recover under Alabama Law and in an amount to be determined by the Court and for such other relief and cost that are deemed just and proper.

Respectfully submitted this 22nd day of November, 2023

s/Roderick Walls
Roderick Walls (WAL108)
Attorney for the Defendant
Kristen Wheeler

**OF COUNSEL:**
**RODERICK WALLS & ASSOCIATES, LLC**
2122 First Avenue North
Birmingham, AL 35203
(205) 251-0334
FAX 251-0336
rod@wallscooplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was delivered to the following party by either hand-delivery, alafile systems, facsimile transmission or by placing a copy of same in the United States Mail, properly addressed, postage pre-paid, on this the 22nd day of November, 2022.

Daniel P. Evans, Esq.

The Evans Law Firm
1736 Oxmoor Rd.
Birmingham, AL 35209-0000

Cecil Wayne Sanford, *Pro Se*
70 Meadow Lane
Jasper, AL 35504

Stone Pointe Builders, LLC, *Pro Se*
70 Meadow Lane
Jasper, AL 35504

Lauren Emerson Kloess, Esq.
400 S Union St # 195
Montgomery, Alabama 36104

s/*Roderick Walls*
OF COUNSEL