FILED
2024 Aug-30  PM 03:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| FRANKENMUTH INSURANCE COMPANY, an insurance company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: 2:24-CV-00613-LSC |
| CECIL WAYNE SANFORD, STONE POINTE BUILDERS, LLC; | ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

EXHIBIT G– SHELTON COMPLAINT

DOCUMENT 2

ELECTRONICALLY FILED
7/15/2024 9:16 AM
01-CV-2024-902772.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLER

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| DEON SHELTON, an individual,<br>MICHELLE SHELTON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>STONE POINTE BUILDERS, LLC, an<br>Alabama limited liability company,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.:

## COMPLAINT

COME NOW Plaintiffs, Deon Shelton and Michelle Shelton, and files this Complaint against Stone Pointe Builders, LLC, and as grounds state as follows:

### PARTIES

1.      Plaintiff Deon Shelton is over the age of 19 years and is a resident of Jefferson County, Alabama.

2.      Plaintiff Michelle Shelton is over the age of 19 years and is a resident of Jefferson County, Alabama.

3.      Defendant Stone Pointe Builders LLC is a Alabama Limited Liability Company doing business in Jefferson County, Alabama.

### STATEMENT OF FACTS

4.      On April 27, 2021, Plaintiffs entered into a contract with Defendant to perform renovations on a home located at 1309 U.W. Clemons Dr., Birmingham, AL 35214.

DOCUMENT 2

5.      The total price of the contract was $86,325.00, which included the following scope of work:

- Construct an addition to the existing house, including all electrical, plumbing, hvac and finishes

- Screen in and enclose the deck

- Widen the driveway and install a sidewalk

- Install brick around the lower portion of the house

- Install a ramp on the addition

6.      According to the contract, the Defendant warranted that "the house will be substantially free from defects in workmanship and materials for one year." The Defendant also warranted that the house would meet the standards of "Residential Construction Performance Guidelines Second Addition."

7.      The Defendant failed to complete the following line items:

- The screen enclosing the deck

- The deck flooring

- The brick around the base of the house

- Widen driveway or install sidewalk

- Install ramp on the addition

8.      The following items installed by the Defendants were not free from defects:

- Flooring in the addition

9.      The Defendant also failed to pay the Defendant subcontractor, forcing the Plaintiffs to pay after having already paid Defendant for the cabinets.

DOCUMENT 2

10.     The Defendant was paid in full but failed to complete the construction task in accordance with the contract.

## COUNT ONE - BREACH OF CONTRACT

11.     The Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 10 above as if set out here in full

12.     Defendant failed to perform all contracted services under the agreement with Plaintiffs.

13.     Plaintiffs fully compensated Defendant and fully performed all of her obligations on the agreement.

14.     Defendant breached the contract by failing to perform all required services on the contract with Plaintiffs, even though Defendant was fully compensated.

15.     As a result of Defendant's breach, Plaintiffs have been damaged.

16.     Plaintiffs are entitled to judgment against Defendant.

## COUNT TWO – BREACH OF WARRANTY

17.     The Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 16 above as if set out here in full.

18.     Defendant provided Plaintiffs with a warranty for the work they performed on their house.

19.     The products, specifically the flooring, were defective and began to deteriorate within the specified timeframe of the warranty period.

20.     The Plaintiffs used the warranted products as intended.

21.     The Defendant was compensated for the work they performed.

DOCUMENT 2

22.     The Defendant failed to remediate the issue causing damage to the Plaintiffs.

## COUNT THREE – FRAUD

23.     The Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above as if set out here in full.

24.     Defendant made a false misrepresentation to Plaintiffs regarding the work it would perform on their house.

25.     Defendant's misrepresentation was pertaining to material facts, specifically, the work to be completed for the money paid to Defendant by the Plaintiffs.

26.     The Plaintiffs relied on the misrepresentations made by Defendant.

27.     The Plaintiffs were damaged as a result of the misrepresentations made by Defendant.

WHEREFORE PREMISES CONSIDERED, Plaintiffs prays this Honorable Court will order as follows:

a.  Order compensatory damages in the amount of $55,000.00.

b.  Order any other relief deemed appropriate and necessary.

Respectfully submitted,

/s/ Brandon C. Prince
Brandon C. Prince (PRI090)
BHM Law Group, LLC
Attorney for
Defendants/Counterclaim Plaintiff
1330 21st Way South
Suite 100

DOCUMENT 2

Birmingham, AL 35205
205-994-0902
brandon@bhmlawgroup.com

**SERVE DEFENDANTS AS FOLLOWS:**

Stone Pointe Builders LLC
100 Oxmoor Road Suite 110
Birmingham, AL 35209